UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

DEANGELO WOODS,
    Plaintiff,

vs.                                    Case No.: 3:24cv11/MCR/ZCB

CAPTAIN IGO, et al.,
    Defendants.
_____/

## REPORT AND RECOMMENDATION

This is a *pro se* prisoner civil rights case filed under 42 U.S.C. § 1983. (Doc. 1). The operative complaint is Plaintiff's amended complaint (Doc. 6). Defendants have moved to dismiss the complaint for failure to disclose his prior litigation history. (Doc. 15). Defendants also seek dismissal of Plaintiff's claims for compensatory and punitive damages. (*Id.*). Plaintiff has responded in opposition. (Doc. 17). For the reasons below, Defendants' motion to dismiss should be denied.

1

## I.  Summary of Plaintiff's Factual Allegations[1]

Plaintiff names two officers from Century Correctional Institution as Defendants, Captain Igo and Sergeant Craft. (Doc. 6 at 1-3). Plaintiff alleges on February 19, 2023, Sergeant Craft, at the direction of Captain Igo, gratuitously sprayed Plaintiff twice in the face and upper body with chemical agents. (*Id.* at 5-7). Plaintiff asserts Eighth Amendment excessive force claims against Defendants for gratuitously spraying him with chemical agent. (*Id.* at 6-7). As relief, Plaintiff seeks compensatory damages for injuries he sustained as a result of the use of chemical agent, including coughing, burning eyes, difficulty breathing, and a prolonged burning sensation on his face and upper body. (*Id.* at 7). He also requests punitive damages. (*Id.*).

## II.  Motion to Dismiss Standard

Defendants have moved to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Doc. 15 at 1). To survive dismissal under Rule 12(b)(6), "a complaint must contain sufficient factual matter,

---

[1] At this stage in the proceeding, the Court assumes the truth of Plaintiff's allegations.

accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up). The plausibility standard is met only where the facts alleged enable "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Plausibility means "more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (internal quotation marks omitted).

At the motion to dismiss stage, the plaintiff's allegations are taken as true and construed in the light most favorable to the plaintiff. *Chabad Chayil, Inc. v. Sch. Bd. of Miami-Dade Cnty.*, 48 F.4th 1222, 1229 (11th Cir. 2022). Additionally, a *pro se* litigant's complaint must be liberally construed. *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006).

### III.  Discussion

**A.  Dismissal of Plaintiff's amended complaint is not warranted for failure to accurately disclose his litigation history.**

3

In their motion, Defendants claim dismissal is warranted because Plaintiff failed to accurately disclose his litigation history on the complaint form. (Doc. 15 at 4-5). Under 28 U.S.C. § 1915A, a district court shall dismiss a prisoner's complaint if it is malicious. 28 U.S.C. § 1915A(b)(1). A complaint is "malicious when a prisoner misrepresents his prior litigation history on a complaint form requiring disclosure of such history and signs the complaint under penalty of perjury. *Allen v. Santiago*, No. 22-11946, 2023 WL 5745494, at *1 (11th Cir. Sept. 6, 2023) (citation omitted). And the Eleventh Circuit has made clear that a prisoner's case may be dismissed without prejudice for misrepresenting litigation history on the complaint form. *See, e.g.*, *Burrell v. Warden I*, 857 F. App'x 624, 625 (11th Cir. 2021) (affirming dismissal where prisoner failed to identify two prior lawsuits on the complaint form).

Here, Question C of Section VIII on the Court's complaint form asked Plaintiff if he had "filed any other lawsuit, habeas corpus petition, or appeal in state or federal court either challenging your conviction or relating to the conditions of your confinement." (Doc. 6 at 10). Plaintiff checked "NO" and identified no prior cases in Section VIII. (*Id.*). At the

4

end of the complaint form, Plaintiff signed his name after the following statement: "I declare, under penalty of perjury, that all of the information stated above and included on or with this form, including my litigation history, is true and correct." (*Id.* at 12-13).

In support of their argument for dismissal, Defendants state Plaintiff failed to disclose *Woods v. Sec'y, Fla. Dep't of Corr.*, Case No. 3:22cv1144/HES/JBT (M.D. Fla.), on the complaint form. Defendants have attached a copy of the Middle District's order dismissing that case. (Doc. 15 at 19-22). According to the dismissal order, Plaintiff sent a motion to the district court. (*Id.* at 19). The clerk of court treated Plaintiff's motion as an initial pleading and opened a new civil case. (*Id.*). The district court dismissed the case for two reasons. First, the court held it did not have jurisdiction to consider Plaintiff's motion because he had not "properly initiated a civil action." (*Id.* at 20). Second, even if the court had jurisdiction to consider the motion, the court held it was not authorized to grant the requested relief. (*Id.* at 21).

For his part, Plaintiff states that he misinterpreted the complaint form and did not believe he was required to disclose the above case. (Doc.

5

17 at 2-3). Having considered the matter, the Court cannot confidently say that Plaintiff misrepresented his litigation history. Question C required Plaintiff to disclose any other "lawsuit" or "habeas corpus petition." The Middle District court expressly told Plaintiff that his filing did not qualify as either of those things. Considering the ambiguity as to whether Plaintiff was required to disclose the Middle District filing, dismissal of the complaint as malicious is not warranted.

### B. Defendants are not entitled to dismissal of Plaintiff's requests for compensatory and punitive damages

Defendants move to dismiss Plaintiff's requests for compensatory and punitive damages. (Doc. 15 at 5-15). They argue that Plaintiff's claims for compensatory damages are precluded by 42 U.S.C. § 1997e(e) because he did not allege a specific physical injury that was more than *de minimis* as a result of the use of chemical spray. (*Id.* at 5-7). Defendants argue that punitive damages are barred by 18 U.S.C. § 3626(a)(1)(A). (*Id.* at 7-15).

#### 1. Defendants are not entitled to have Plaintiff's request for compensatory damages dismissed at this stage in the proceeding.

6

Section 1997e(e) of the Prison Litigation Reform Act (PLRA) prevents a prisoner from recovering compensatory damages without a showing of physical injury. 42 U.S.C. 1997e(e). Subsection 1997e(e) does not define "physical injury," but the Eleventh Circuit has determined the injury must be more than *de minimis*, although it need not be significant. *Thompson v. Smith*, 805 F. App'x 893, 900-01 (11th Cir. 2020) (citation omitted). Mere discomfort is *de minimis*. *Dixon v. Toole*, 225 F. App'x 797, 799 (11th Cir. 2007). But chemical spraying "done sadistically, with no penological justification, does not constitute a routine discomfort associated with confinement." *Thompson*, 805 F. App'x at 904 (cleaned up).

Here, Plaintiff alleges that Defendants chemical sprayed him maliciously and sadistically without penological justification and that he sustained physical injury as a result (coughing, burning eyes, difficulty breathing, and a prolonged burning sensation on his face and upper body). (Doc. 6 at 6-7). Those allegations are sufficient to survive a motion to dismiss his request for compensatory damages. *See Thompson*, 805 F. App'x at 904 (explaining that the "greater than *de minimis* requirement

7

does not categorically bar compensatory or punitive damages for temporary injuries arising from an unlawful pepper spraying"); *see also Ruth v. Thomas*, No. CV322-013, 2023 WL 3743617, at *7 (S.D. Ga. May 4, 2023) (refusing to dismiss compensatory damages claim where inmate alleged that he suffered injuries when the defendants chemical sprayed him without a penological purpose); *Jackson v. Lanier*, No. 5:19cv114/MCR/MJF, 2021 WL 6339036, at *14 (N.D. Fla. Nov. 29, 2021), *adopted by* 2022 WL 94929 (N.D. Fla. Jan. 10, 2022) (declining to decide the issue of plaintiff's ability to recover compensatory damages at the motion to dismiss stage and explaining that it is more appropriately addressed at the summary judgment stage); *Flanning v. Baker*, No. 5:12cv337/MW/CJK, 2015 WL 4393540, at *5 (N.D. Fla. July 15, 2015) (questioning the urgency of deciding, at the motion to dismiss stage, whether plaintiff's claims for compensatory and punitive damages were barred by § 1997e(e), since doing so would not end the litigation or do much to change the landscape of the case).

Plaintiff will ultimately have to present evidence of a specific, more than *de minimis* physical injury, that he suffered from the chemical

8

spraying in order to be awarded compensatory damages. But at this stage, Plaintiff's allegations, liberally construed and assumed to be true, are sufficient for his compensatory damages request to remain part of the case. Thus, Defendants' motion to dismiss Plaintiff's request for compensatory damages should be denied.

> **2. Defendants are not entitled to dismissal of Plaintiff's requests for punitive damages at this stage of the proceeding.**

Defendants have also moved to dismiss Plaintiff's claim for punitive damages on the ground that they are barred by 18 U.S.C. § 3626(a)(1)(A). (Doc. 15 at 7-15). The Court need not decide the issue at this time. This Court and others have previously explained why it is unnecessary to resolve this issue at the motion to dismiss stage. *See, e.g., Hallam v. Gilbert*, No. 3:23cv7681/LAC/ZCB, 2024 WL 872288, at *3-4 (N.D. Fla. Feb. 13, 2024), *adopted by* 2024 WL 867067 (N.D. Fla. Feb. 29, 2024); *Watson v. Harris*, No. 1:23cv41/AW/ZCB, 2023 WL 9058715, at *2 (N.D. Fla. Dec. 8, 2023) *adopted by* 2024 WL 23160; *Baker v. Rathel*, No. 1:23cv3/AW/MJF, 2023 WL 7496224, at *5 (N.D. Fla. Oct. 5, 2023), *adopted by* 2023 WL 7497491, at **4-5 (N.D. Fla. Nov. 13, 2023); *Vaughn*

9

*v. Cambria Cnty. Prison*, 709 F. App'x 152, 155 n.2 (3d Cir. 2017). For the reasons articulated in those decisions, Defendants' motion to dismiss Plaintiff's punitive damages claims should be denied.

### III. Conclusion

For the reasons above, it is respectfully **RECOMMENDED** that:

1. Defendants' motion to dismiss (Doc. 15) be **DENIED**.

2. This case be recommitted to the undersigned for further proceedings.

At Pensacola, Florida this 12th day of August 2024.

/s/ *Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge

### Notice to the Parties

Objections to these proposed findings and recommendations must be filed within fourteen days of the date of this Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control</u>. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.