UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**DEANGELO WOODS,**

    **Plaintiff,**

v.                                 **CASE NO. 3:24cv11-MCR-ZCB**

**CAPTAIN IGO, et al.,**

    **Defendants.**
_____/

## ORDER

The Magistrate Judge issued a Report and Recommendation on August 12, 2024, ECF No. 18, recommending denial of Defendants' motion to dismiss, ECF No. 15. The Court furnished the parties a copy of the Report and Recommendation and afforded an opportunity to file objections pursuant to Title 28, United States Code, Section 636(b)(1). Defendants Captain Igo and Sergeant Craft timely objected. ECF No. 19. Having considered the Report and Recommendation and made a *de novo* determination of Defendants' objections, I have determined the Report and Recommendation should be adopted. Defendants' objections are addressed below.

Defendants first object that Woods is barred from requesting compensatory damages, arguing that this case is more similar to *Pierre v. Padgett*, 808 F. App'x 838 (11th Cir. 2020), than to *Thompson v. Smith*, 805 F. App'x 893 (11th Cir. 2020),

cited in the Report in Recommendation. The Court disagrees. In *Pierre*, the Eleventh Circuit reviewed a district court's ruling on a motion for summary judgment rather than a motion to dismiss. As the Magistrate Judge explained in the Report and Recommendation, it is therefore appropriate to wait for further factual development before deciding whether Woods is barred from requesting compensatory damages.

Second, Defendants argue that Woods' claim for punitive damages should be dismissed, citing a case in which the Eleventh Circuit affirmed a district court's dismissal of a plaintiff's request for punitive damages at the motion to dismiss stage. *Hale v. Sec'y for Dept. of Corr.*, 345 F. App'x 489 (11th Cir. 2009). That case is distinguishable from this one. In *Hale*, the only alleged "injury" was that Hale was retained in the most restrictive level of close management (that is, that he was separated from the general prison population). *Id.* at 490. The Eleventh Circuit, perhaps reluctant to even describe this allegation as an injury, noted that Hale "did not produce evidence that he has suffered anything more than minimal or temporary physical effects from his confinement in CM." *Id.* at 492.[1] By contrast, Woods

---

[1] The Eleventh Circuit referenced the evidence because the appeal addressed both dismissal of some of Hale's claims and grant of summary judgment against him, so it had an evidentiary record.

alleges that he was sprayed with a chemical agent on his face and upper body area and suffered injury including coughing, burning eyes, difficulty breathing, and a prolonged burning sensation. ECF No. 6 at 6. Further factual development is warranted before determining whether Woods is barred from requesting punitive damages.

Accordingly, it is **ORDERED**:

1. The Magistrate Judge's Report and Recommendation, ECF No. 18, is adopted and incorporated by reference in this order.

2. Defendants' motion to dismiss, ECF No. 15, is **DENIED**.

3. This case is recommitted to the magistrate judge for further proceedings.

**DONE AND ORDERED** this 9th day of October 2024.

*M. Casey Rodgers*
**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**

CASE NO. 3:24cv11-MCR-ZCB